Bolivar<br>Manuf. Co.<br><i>v.</i><br>Neponset<br>Manuf. Co.

upper mill was in want of water repeatedly. But if the defendants did not suffer any actual damage, it would be of no importance in this case ; for the plaintiffs' claim was adverse to theirs, and they might have maintained an *action without* proof of actual damages, if the plaintiffs had no right to divert the water. The law presumes damage when a man's right is invaded, and if one suffers his rights to be invaded, and acquiesces in an adverse claim for more than twenty years, it is quite unimportant whether he suffers any actual damages or not. *Hobson* v. *Todd*, 4 T. R. 71.

And considering the whole evidence, we think it manifest, that the jury had a right to presume a grant of the right in question to the plaintiffs, and that the verdict is right.

<i>Judgment according to verdict.</i>

## HARVEY CLAP *versus* ASA SMITH.

Where an assignment by a debtor, for the benefit of his creditors, purported to be a conveyance of the various articles of property stated in a schedule annexed, but no schedule was in fact annexed at the time of the delivery of the assignment, it was *held*, that even if the assignment, at the time of the delivery, was invalid on account of uncertainty in the description of the property proposed to be assigned, the annexation of the schedule, with the consent of the parties, on the day after the delivery, would cure the defect, or would be considered as equivalent to a re-delivery, as against a creditor attaching subsequently to such annexation.

*It seems*, that if the assignment were not valid as a bill of sale, it would be good as a declaration of trust ; and it being competent to prove, and it being proved, by parol evidence, that the articles were delivered under the trust thus created, this would constitute a legal transfer of the property.

In the same case, it appeared that the schedule was made and annexed on Sunday. It was *held*, that such annexation was not a void act on this account.

THIS was replevin against a deputy sheriff, for taking various articles of cotton manufacture, machinery, tools, &c.

Plea, that the property was in William Hart, traversing that the property was in the plaintiff. Replication, that the property was in the plaintiff ; upon which issue was joined.

At the trial, before *Shaw* C. J., the plaintiff, in order to establish his title, offered in evidence an assignment, dated September 28, 1833, from Hart to the plaintiff, in trust to secure him and other creditors of Hart, but executed by

none of the other creditors. Evidence was then offered to prove, that the assignment, which purported to be a conveyance of the articles specified in a schedule annexed, was executed and delivered on the day of its date, which was Saturday ; that on the same evening the property was delivered to the plaintiff by Hart, in pursuance of the assignment ; and that in the course of the next day, a schedule was made, and, by the agreement of the parties, annexed to the assignment, before any intervening attachment.

The property in question was subsequently attached by the defendant.

It was objected, that as the assignment purported to convey the various articles of property named in the schedule an nexed, and as it appeared, that at the time of the execution and delivery of the instrument, and at the time of the delivery of the property, there was no schedule annexed, nothing passed by the assignment.

Whereupon it was ruled by the Court, that if the jury should be satisfied, that the assignment was executed and delivered on Saturday, and that, on the evening of that day, the property was formally delivered in pursuance of the assignment, and that on the next day, as soon as it could conveniently be done, a schedule was made, and, by mutual consent, annexed to the assignment as and for the schedule intended therein, no new delivery of the instrument or property being made, and that subsequently and before the attachment was made by the defendant, the assignee, by his agent, was in possession, claiming under the assignment, and continued so, when the attachment was made, this was a sufficient description to pass the property as contained in the schedule.

A verdict was taken for the plaintiff, by consent, subject to the opinion of the Court upon the point of law so ruled.

*Nov 1st.*  *Metcalf* and *Lovering*, for the defendant, to the point, that the property attempted to be assigned was not sufficiently described or identified at the time of the delivery of the assignment, the schedule referred to therein not being made and annexed until the day after the delivery, cited *Scott* v. *Coleman*, 5 Littell, 349 ; *Drakeley* v. *Deforest*, 3 Connect. R. 272 ; *Coit* v. *Starkweather*, 8 Connect. R. 289 ; and *to*

the point, that the subsequent annexation of the schedule on Sunday, was a void act, *St.* 1791, *c.* 58, § 1 ; *Drury* v. *Defontaine*, 1 Taunt. 131 ; *Wheeler* v. *Russell*, 17 Mass. R. 258 ; *Tyson* v. *Thomas*, 1 M'Cleland & Younge, 119 ; *Gye* v *Felton*, 4 Taunt. 876 ; *Morgan* v. *Richards*, 1 Browne's (Penn.) R. 171 ; *Wight* v. *Geer*, 1 Root, 474 ; *Fennell* v. *Ridler*, 8 Dowl. and Ryl. 204 ; *Delamater* v. *Miller*, 1 Cowen, 75 ; *Story* v. *Elliot*, 8 Cowen, 27.

*Mann* and *E. J. Loring*, for the plaintiff, cited to the first point, *Marston* v. *Coburn*, 17 Mass. R. 454 ; 1 Phil. on Evid. (6th edit.) 521 ; Chitty on Contracts, 25 ; *Smith* v. *Crooker*, 5 Mass. R. 538 ; *Hunt* v. *Adams*, 6 Mass. R. 519 ; *Stevens* v. *Bell*, 6 Mass. R. 339 ; *Drakeley* v. *Deforest*, 3 Connect. R. 272 ; to the second point, *Geer* v. *Putnam*, 10 Mass. R. 312.

WILDE J. delivered the opinion of the Court. The plaintiff claims under an assignment or sale of the property in question from one William Hart ; and the defendant claims under an attachment of the same property, which was made after the assignment to the plaintiff ; so that the case turns on the validity of that assignment.

*February term 1835*

The first objection to the assignment is, that the property attempted to be assigned, at the time of the delivery of the deed of assignment, was not sufficiently described or identified, there being no description of the property, excepting by reference to a non-existing schedule, which was not annexed to the assignment until the day after the delivery. This objection cannot we think be sustained ; for although the assignment, at the time of the delivery, were invalid as an instrument of conveyance for uncertainty, yet, as the schedule was annexed the next day by the consent of the parties and before the defendant's attachment, the objection fails. The annexation of the schedule of the goods with the consent of the parties, may be considered as equivalent to a redelivery, or as curing the defect in the assignment as to uncertainty. It has been argued, that if the deed was void for uncertainty at the time of the delivery, it would not afterwards be rendered valid by any alteration with consent of parties, without a redelivery. The case of *Coit* v. *Starkweather*,

8 Connect. R. 289, was cited in support of this position ; but in that case the deed altered was a deed of land, which, by the law of Connecticut, must be attested by two witnesses and acknowledged before a magistrate ; and it seems to be admitted by the Court, that but for the statute the alteration would have been good and effectual, at common law, to render valid a defective deed. It is not universally true, that a deed void in its creation cannot be rendered afterwards valid by consent of parties ; and there seems to be no good reason for such a severe rule of law. But if the instrument was not valid as a bill of sale, it may be good as a declaration of trust ; and it was competent for the plaintiff to prove by parol evidence, that the goods were delivered to him, under the trust thus created ; and this would constitute a legal transfer of the property ; and so it was decided in the case of *Drakeley* v. *Deforest*, 3 Connect. R. 272, cited by the defendant's counsel. But if the annexation of the schedule of the property were necessary to complete the sale, we are of opinion, that it was not a void act because done on Sunday. The case of *Geer* v. *Putnam*, 10 Mass. R. 312, is decisive on this point ; and we think there is no sufficient reason for overruling that case. That case was decided in 1813, and Chief Justice *Parsons* says, that the same principle had been laid down in a former case ; and the law has ever since been considered and recognised as the law of this Commonwealth. The legislature has since revised and altered some of the provisions of the act of 1791, c. 58, and the subject of the due observance of the Lord's day has been much discussed ; but no alteration has been made in the law as laid down in the case of *Geer* v. *Putnam*. Under these circumstances we feel bound to abide by the rule of *stare decisis*.

*Judgment on the verdict*