Lovejoy *v.* Whipple.

### John Lovejoy *v.* Oliver Whipple.

A promissory note, executed upon Sunday in consummation of a contract previously made, not being a work of necessity, or charity, is void.

But, though such note be written and signed on Sunday, yet it will not on that account be void, if not delivered until some other day.

Assumpsit upon a promissory note for three hundred dollars, dated June 10, 1843, signed by the defendant, and made payable to the plaintiff, or bearer, in sixty days after date. The declaration contained also a count for money had and received. Plea, the general issue, and trial by jury,—Hebard, J., presiding.

On trial it appeared that the note was written and signed on Sunday, in pursuance of an agreement previously made between the parties, and that its amount was indorsed, as payment, upon a

promissory note for five hundred dollars, which the plaintiff held against one Hiram Whipple, which last note was secured by mortgage, and that, upon a bill in chancery, brought for the foreclosure of the mortgage, the amount of the note in suit was deducted from the amount of the mortgage notes, and the mortgaged premises were redeemed, by payment of the sum thus ascertained. There was no evidence, showing at what time the note in suit was delivered by the defendant to the plaintiff. The plaintiff was a citizen of the State of New York.

The county court directed the jury to return a verdict for the defendant. Exceptions by plaintiff.

*J. Barrett* for plaintiff.

1. The note in suit is not void, as against the defendant, but is at most, only voidable; but the burden is upon the defendant, to show all the facts, which will avoid it. It was necessary for him to show, that the note was *delivered* on Sunday. The mere fact, that it was written and signed on that day, is not, of itself, sufficient. *Chamberlain* v. *Hopps*, 8 Vt. 94. *Bloxsome* v. *Williams*, 10 E. C. L. 60.

2. Even if the note had been executed and delivered on Sunday, it is not therefore void, within any decided case. It does not appear, that there was any contracting between the parties on Sunday. The plaintiff executed, in good faith, the consideration of the note, by causing its amount to be indorsed upon the note for five hundred dollars; and the permitting the note to lie, and the consideration to be executed, should be deemed a ratification and affirmance of the note by the defendant.

3. It appears, that the plaintiff was a citizen of New York, and it is incumbent upon the defendant to show the plaintiff's knowledge of the law in this State. The law of this State, as affecting contracts made on the sabbath, is to be treated as a fact, as to him, and if he acted in ignorance of that fact, he is not to be prejudiced thereby. *Case* v. *Riker*, 10 Vt. 482. *Haven* v. *Foster*, 9 Pick. 112. Story's Cont. 66. *Bloxsome* v. *Williams*, 10 E. C. L. 60.

4. If the note should be avoided, the plaintiff is entitled to recover on the count for money had and received. 8 T. R. 327. 15 Vt. 215.

Lovejoy *v.* Whipple.

5. On the strength of authority, upon the question as to a note being voidable for being made on Sunday, the plaintiff is entitled to recover. Bayl. on Bills 580. Chit. on Bills 168. *Geer* v. *Putnam*, 10 Mass. 312. *Bigbie* v. *Levy*, 1 C. & J. 180.

*C. Coolidge* and *W. M. Pingry*, for defendant.

The statute of this State forbids the exercise of any secular labor, business, or employment, on the first day of the week, except such, only, as are works of necessity and charity, under a penalty of two dollars. Rev. St. c. 82, § 1. A contract in contravention of a penal statute is void, even when the statute contains no express prohibition of the attempt to contravene it. 1 Kinne's Comp. 253. *Lyon* v. *Strong*, 6 Vt. 219. *Elkins* v. *Parkhurst*, 17 Vt. 105. The execution of the note in suit was a secular business, and not a work of necessity, or charity. *Lyon* v. *Strong*, 6 Vt. 219.

The opinion of the court was delivered by

REDFIELD, J. Two questions arise in the present case;—1, Whether, when the terms of the contract are settled on a former day, but the parties, by previous appointment, meet and execute a promissory note upon Sunday, the contract is valid? 2, Whether, if not, the circumstance, that the note was not delivered until some other day, is important?

1. In regard to the first question, I think it may now be safely laid down as settled law, without a review of the cases,—which has been often had,—that contracts made in violation of law are void; that it is not important, so far as the action upon the contract is concerned, whether the contract itself be against good morals, or in contravention of some express statute, nor whether the illegality exist in the thing to be done, or in the consideration moving to the execution of the contract; and that it makes no essential difference, whether the contract, or the consideration, is *mainly based* upon a violation of law, or whether such a violation is only *incidentally* and *collaterally* involved.

To illustrate these propositions,—a contract may be based upon a consideration in money, and may be for the purpose of securing future crime, as murder, or theft, or prostitution, or it may only be to secure the violation of some game or inspection law; or the con-

tract may be for the payment of money, or other thing, not unlawful in itself, but the *consideration* may be such, as I have above supposed the *contract* to be; and in all these cases the contract will be equally void, when sued in the domestic tribunals, and, by parity of reason, in all other tribunals, when the action is founded *upon the contract itself.*

So, too, although neither the consideration, nor the *contract*, have for its *principal basis*, or object, either an immoral or an illegal act, yet if it *incidentally*, or *collaterally*, involve the perpetration of such an act, no action can be maintained upon the contract. So that the sale of bricks under the statute size, although they might be more useful to the purchaser on that very account, could no more form a good consideration for a contract for the payment of the price, than if the *express* object of the contract had been to effect a violation of the statute. And if the consummation of the contract does involve a violation of a statute, either positively, or negatively, the contract is void.

Nor is it important, whether the statute *expressly* prohibits, or commands, a thing, or does this by way of *imposing a penalty* upon him who does, or omits, the act. The only important question is, does the contract *imply*, in the manner of its consummation, a *violation* of the statute, or of the general law of the land?

These propositions will be found to be fully sustained by the decided cases upon this point, which have now become so numerous, as to be found in profusion in every *nisi prius* treatise. 3 Stark. Ev. 1217, 1218. *Law* v. *Hodson*, 11 East 300. *Wheeler* v. *Russell*, 17 Mass. 258.

The only doubts, which have arisen in England in regard to the application of these principles to the subject now before the court, have resulted mainly from the phraseology of the English Statute, 29 Car. 2, c. 7, § 1,—by which it is provided, that "no person whatsoever shall do or exercise any worldly labor, business, or work, of their ordinary calling on the Lord's day." This is not the prohibition of *all* worldly business, or work, but only that of one's "*ordinary calling;*" so that, if one has no ordinary calling, of the character involving work, or labor, he *could* not violate this provision of the English statute. Upon this ground it seems the case of *Sandiman* v. *Beach*, 7 B. & C. 100, was decided,—where it was

Lovejoy v. Whipple.

held, that the owner and driver of a stage coach were liable upon a contract, made on Sunday, to carry plaintiff.

But the statute of this State contains no such exception. The words are, "That if any person shall, on that day, exercise any *secular business,* or *employment,* except such, only, as works of necessity, or charity, he shall be punished by a fine," &c. It is obvious, that any act, which could *ever* come within the English statute, must *always* come within this. An act could hardly be of the "ordinary calling" of any person in "worldly labor, business, or work," and still not constitute "*any* secular business, labor, or employment." But it has been always held, that the executing a promissory note upon Sunday was a violation of the English statute, if it come within the *ordinary business* of the maker. 2 Stark. Ev. 245, n. *b.* citing *Begbie* v. *Levy,* 1 Cr. & J. Eng. Excheq. R. 180. In *King* v. *Inh. of Whitnash,* 7 B. & C. 596, BAYLEY, J., says,—"If the true construction of the act be, *that every species of business is prohibited,* all contracts whatever, made on Sunday, will be void." But by the express terms of the statute of this State every species of "secular labor, business, or employment," is prohibited. And that is the construction, which Mr. Justice Park, in *Smith* v. *Sparrow,* 4 Bing. 84, says the English statute *ought to bear.* That is, indeed, the obvious reason and good sense of the thing. Mr. J. Park was always eminently clear sighted in perceiving the proper bearing of every matter, having relation to the principles or the practice of christianity, as will be seen in his opinion, at length, upon this subject, in *Williams* v. *Paul,* 6 Bing. 953, [19 E. C. L. 192.] It is difficult to perceive how the meeting upon the Sabbath, by previous appointment, and executing a promissory note in consummation of a previous contract, could be other than secular business, when it is not claimed to have been a matter of "necessity, or charity."

The distinction, which was once attempted to be maintained, between acts of a *public* and those of a *private* nature, between such acts as notoriously tended to scandalize christian feeling, and such as only displayed a disregard of the sacredness of the Lord's day by the individual concerned, is not now regarded, I think, as sound, either in England, or this country. It is suggested by Mr. J. Bayley, in *Bloxsome* v. *Williams,* that the prohibition only extends "to

Lovejoy v. Whipple.

manual labor, and other work visibly laborious, and the keeping of open shops." 3 B. & C. 232, [10 E. C. L. 60.] But in *Fennel* v. *Ridley*, 5 B. & C. 406, the same judge says that he was then satisfied, that that opinion was not well founded, and " that there is nothing in the English statute to show, that it was passed exclusively for the promotion of *public* decency, and not for the regulating of *private* conduct." He also says, that the case of *Bloxsome* v. *Williams* was decided upon other grounds, viz. that the contract was not *consummated* upon Sunday.

2. This brings us to the only remaining question in the case. In order to avoid this contract, on the ground taken below, was it necessary, that the note should have been *delivered*, as well as written and signed, upon Sunday ? We think so, clearly. We cannot adopt the suggestion of BEST, Ch. J., in *Smith* v. *Sparrow*, 4 Bing. 84, [13 E. C. L. 351.] " That, if most of the terms are settled on Sunday, and the mere signature be deferred to the next day, such a contract could hardly be supported." We think, that in this, as in in all other cases, it is best to hold out to the parties every *locum penitentiæ*; and hence, if the final consummation of the contract is deferred until another day, as in *Bloxsome* v. *Williams*, the contract will not be void for what passed upon Sunday. This view is certainly very strongly corroborated by the case of *Lyon* v. *Strong*, 6 Vt. 219, which was, in some of its details, different from the present case, but in principle the same.

In Pennsylvania, in the case of *Morgan* v. *Richard*, 1 Penn. R. (Brown's) 172, it is said to have been held, that a contract executed on Sunday was void by the common law, (which is certainly not sustained by the English cases; *Rex* v. *Brotherton*, 1 Str. 702,) and also by their statute, prohibiting any " worldly business, or employment, whatever." In Connecticut where the statute is precisely the same with that of this State, and from which our statute was undoubtedly taken, the courts have always held all contracts whatever, made on that day, void. TRUMBULL, J., in *Fox* v. *Abel*, 2 Conn. 548. *Wright* v. *Geer*, 1 Root 474. There seems to be no decided cases to the contrary, in any other State, except *Geer* v. *Putnam*, 10 Mass. 312; and that was a case abandoned by counsel previous to any intimation from the court, and does not, I think, merit the character of a decision of the court.

Judgment reversed and cause remanded.