## FREDERICK ROBESON vs. CALVIN FRENCH.

An action cannot be maintained for a deceit practised in the exchange of horses on the Lord's day.

THIS was an action for a deceit alleged to have been practiced by the defendant on the plaintiff, in an exchange of horses by them on the 17th of November 1844. The trial was in the court of common pleas, before *Colby*, J. whose report thereof was as follows :

Isaac Barker, the plaintiff's witness, who was the only person present at the time of the alleged deceit, testified that he accompanied the plaintiff to the house of the defendant in Randolph, in the county of Norfolk, on the 17th of November 1844, being the Lord's day, and that, between the hours of three and four o'clock of the afternoon of that day, the plaintiff exchanged with the defendant a horse that he had, for a horse owned by the defendant, and gave the defendant one hundred and seventy five dollars difference, and that there, during that time, and in relation to said exchange of horses, the defendant made the representations, and used the deceit, charged in the plaintiff's declaration.

The plaintiff, upon inquiry by the defendant, admitted that he did not expect to control the testimony of the witness, in respect to the time when the exchange was made and the deceit was alleged to have been practised.

The defendant requested the court to rule, that if the jury believed that the purchase of the horse was made by the plaintiff, on the Lord's day, between sunrise and sunset, and that the deceit complained of was in relation to the exchange of horses, in the nature of a contract, between sunrise and sunset, then the whole proceeding was unlawful, and the plaintiff could not maintain his action. But the court ruled, that if the deceit was practised in relation to such a contract made on the Lord's day, between sunrise and sunset, it did not, for that cause, prevent the plaintiff from recovering of the defendant for the damage he suffered by the deceit. The jury found

for the plaintiff, and the defendant alleged exceptions to the ruling of the court.

*Eliot*, for the defendant.

*Coffin*, for the plaintiff.

WILDE, J. This was an action upon the case for a deceit alleged to have been practised on the plaintiff by the defendant, on an exchange of horses by them, which was proved, at the trial, to have been made on the Lord's day, and between the hours of three and four o'clock in the afternoon. The question is, whether upon these facts this action can be maintained; admitting that the deceit was practised as alleged in the declaration.

By the Rev. Sts. *c.* 50, § 1, the doing of " any manner of labor, business, or work, except only works of necessity and charity," is expressly prohibited; and every person so offending is to be punished by a fine not exceeding ten dollars. There was no pretence that the transaction was within the exception of the prohibitory clause in the statute, and consequently it was a direct violation of the law, by both parties. In all such cases, it is a well established principle, that a court will not lend its aid to a party who founds his action on an illegal transaction. When the parties are *in pari delicto*, the court will not interfere to assist either of them. This principle is established in numerous cases, which were cited and considered in *Wheeler* v. *Russell*, 17 Mass. 257. In the decision of that case, Parker, C. J. said, " no principle of law is better settled, than that no action will lie upon a contract made in violation of a statute, or of a principle of the common law." The cases on this point will also be found cited, and fully considered by the supreme court of Vermont, in *Lyon* v. *Strong*, 6 Verm. 219. That case was precisely similar to the one under consideration, and we fully concur in the decision of that court. The same principle has been recently affirmed in *Bosworth* v. *Inhabitants of Swansey*, 10 Met. 363. In that case, it was decided that a person who travels on the Lord's day, neither from necessity nor charity, cannot maintain an action against a town for an injury to him

while so travelling, by reason of a defect in the highway, which the town was by law bound to repair. The same principle applies to the present case.

The case of *Geer* v. *Putnam*, 10 Mass. 312, has been supposed to be opposed to these decisions. But the grounds on which that case was decided are very imperfectly reported. It is manifest, however, that the case was correctly decided on the insufficiency of the plea, and that the case did not depend upon the question now under consideration. The plea was, that the note sued was made on the Lord's day; but the exception in the statute was not negatived, nor was it averred that the note was made between sunrise and sunset, so that the plea was clearly insufficient.

*New trial granted.*