JESSE D. PATTEE *vs.* GUY E. GREELY.

An action cannot be maintained on a bond, which is executed, neither from necessity nor charity, on the Lord's day.

THIS was an action of debt on a bond, bearing date September 22d 1845, in which the defendant acknowledged himself to be bound to the plaintiff in the sum of $500. The condition of the bond was thus: "Whereas the said Pattee has this day taken a certain bread route, as follows, viz. in the town of Woburn, or the route leading thereto; in the town of Lynn, or the route leading thereto, and in the towns of Somerville, Charlestown, Cambridge, Boston and South Boston ; and the said Greely agrees to quit the said routes, and give the same to the said Pattee for his own benefit: Now therefore, if the said Greely shall in all things well and truly keep and perform the covenants, and agreements and contracts herein stated, and shall not, either himself or through any other person, molest, interfere or interrupt said Pattee in

the enjoyments of said routes, and the customers thereon, and does not sell, or cause to be sold, within said routes, bread of any description; then this bond or obligation shall be void; otherwise, shall remain in full force and virtue."

The defendant pleaded the general issue, and specified, as further ground of defence, (among other things,) that the bond declared on was made on the Lord's day, between sunrise and sunset of that day; the making thereof not being a work of necessity, charity or mercy.

The case was submitted to the court on the following facts agreed: " The defendant can prove, if it be legally competent for him to do so by parol evidence, that said bond was signed and delivered to the plaintiff, at his house, in the afternoon of the Lord's day, and before sunset, in October 1845 : that the defendant, at the time, was residing in Charlestown, and went thence to West Cambridge, to execute the bond. Both parties were, at the time, in good health; and there is nothing to show that to execute the bond on that day was a work of necessity, charity or mercy. The plaintiff can prove that said bond was given for the consideration set out in his declaration, if it be legally competent for him to prove the same by parol evidence. After the execution of said bond by the defendant, and before the date of the plaintiff's writ, the defendant committed a breach of the condition of said bond."

*Buttrick*, for the plaintiff, cited *Geer* v. *Putnam*, 10 Mass. 312. *Clap* v. *Smith*, 16 Pick. 247. *Boynton* v. *Page*, 13 Wend. 425. *Adams* v. *Gay*, 10 Law Reporter, 348, since published in 19 Verm. 358. *Begbie* v. *Levy*, 1 Tyrw. 130, and 1 Crompt. & Jerv. 180.

*E. R. Hoar & G. Farrar*, for the defendant, cited 23 Amer. Jurist, 8 – 11. *Fennell* v. *Ridler*, 8 Dowl. & Ryl. 204, and 5 Barn. & Cres. 406. *Kepner* v. *Keefer*, 6 Watts, 231. *Bosworth* v. *Inhabitants of Swansey*, 10 Met. 363. *Smith* v. *Sparrow*, 4 Bing. 84. *Norton* v. *Powell*, 4 Man. & Grang. 42. *Fox* v. *Abel*, 2 Connect. 541, 560. *Lyon* v. *Strong*, 6 Verm. 219. *Lovejoy* v. *Whipple*, 18 Verm. 379. *Clough* v. *Davis*, 9 N. Hamp. 500. *Fox* v. *Mensch*, 3 Watts

& Serg. 444. *Berrill* v. *Smith*, 2 Miles, 402. *O'Donnell* v. *Sweeney*, 5 Alab. 467. *Shippey* v. *Eastwood*, 9 Alab. 198.

Lord Ellenborough said, in *Langton* v. *Hughes*, 1 M. & S. 596, " it may be taken as a received rule of law, that what is done in contravention of the provisions of an act of parliament cannot be made the subject matter of an action."

SHAW, C. J. The plaintiff's counsel very properly admits that parol evidence may be received to prove that the bond was executed, not on the day when it bears date, but on another day, which was the Lord's day; so that we have only to decide whether the bond is void by reason of its being executed on that day.

The Rev. Sts. *c.* 50, § 1, enact that "no person shall do any manner of labor, business or work, except only works of necessity and charity, on the Lord's day." And the statement of facts admits that there is nothing to show that the execution of this bond was a work of necessity or charity. Was its execution " any manner of labor, business or work," within the meaning of the statute? Certainly it was. The legislature intended to prohibit secular business on the Lord's day, and did not confine the prohibition to manual labor, but extended it to the making of bargains, and all kinds of trafficking.

The general principle, that an action will not lie on a contract made in contravention of a statute, or of a principle of the common law, is well established, and has been repeatedly recognized and enforced in this Commonwealth. A leading case on this point is *Wheeler* v. *Russell*, 17 Mass. 258. A contract, the making of which is illegal, cannot be the subject matter of an action. Considerations of public policy require the enforcement of this rule, although both parties have joined in the violation of the law, and the defendant may be as much in fault as the plaintiff. It is not for the defendant's sake that the objection is ever allowed. In *Morck* v. *Abel*, 3 Bos. & Pul. 38, Lord Alvanley said, "no man can come into a British court of justice to seek the assistance of the law, who founds his claim upon a contravention of the British laws."

Pattee *v.* Greely.

The bond now in suit was made in contravention of the statute respecting the observance of the Lord's day, (Rev. Sts. c. 50,) and clearly falls within the principles above stated. In *Bosworth* v. *Inhabitants of Swansey,* 10 Met. 363, it was decided that a person who travels on the Lord's day, neither from necessity nor charity, cannot maintain an action against a town for an injury received by him, whilst so travelling, by reason of a defect in a road which the town is bound to keep in repair. And in *Robeson* v. *French,* 12 Met. 24, it was decided that a plaintiff, upon whom a deceit had been practised in an exchange of horses on the Lord's day, could not maintain an action against the party who had deceived him. In this last case, the case of *Geer* v. *Putnam,* 10 Mass. 312, which has often been supposed to support a different doctrine, was put upon its proper ground, and shown not to be at variance with the doctrine which we now hold.

The numerous cases, cited by the defendant's counsel, show that the principle which we apply to the present case has been applied, in England and in the other States of the Union, with great uniformity. And we have seen several other cases, published since the argument, in which the courts in our sister States have decided that an action cannot be maintained on a contract made on the Lord's day, if it be not made from necessity or charity.*

*Judgment for the defendant.*

---

* *Dodson* v. *Harris,* 10 Alab. 566. *Saltmarsh* v. *Tuthill,* 13 Alab. 390. *Towle* v. *Larrabee,* 13 Shepley, 464. *Adams* v. *Hamell,* 2 Doug. (Michigan) Rep. 73. *Link* v *Clemmens,* 7 Blackf. 479 But see *Swisher's Lessee* v. *Williams's Heirs,* Wright, 754.