SAMUEL TUCKERMAN & another *vs.* DANIEL HINKLEY.

If a letter is written and delivered on Sunday, requesting and promising to pay for the performance of services, and there is no proof of an agreement made on that day to perform the same, the person who received the letter may maintain an action upon the promise contained therein, if he subsequently performs the services on week days.

CONTRACT. The declaration alleged that the plaintiffs sold and delivered to the defendant sixty-three and one half tons of iron, and that he subsequently requested them to sell the same for him and credit him with the proceeds, and promised to pay to them the loss, if any, together with the expenses of the sale and that the plaintiffs accordingly sold the iron at the same price, but incurred certain expenses and loss of interest.

At the trial in the superior court, before *Morton,* J., the plaintiffs introduced evidence tending to prove the sale and delivery by them to the defendant on a Saturday ; that on the following Sunday one of the plaintiffs found at his boarding-place a letter from the defendant saying that the latter had that morning received a letter informing him that his father, who lived in Bangor, Maine, was dangerously ill, and that he must go home immediately, and start early on Monday morning, and that he wished the plaintiffs to take the iron he had bought and do the best they could with it, and that in any event they should not lose anything. The plaintiffs thereupon, on Monday or Tuesday, took possession of the iron, stored it, and finally sold it in two months for the same price, losing two month's interest, and incurring certain expenses.

It being admitted that the plaintiffs' claim must depend on the validity of the promise contained in the letter, and it appearing that the letter was written and received on Sunday, the judge directed a verdict for the defendant, which was returned accordingly. The plaintiffs alleged exceptions.

*C. A. Welch,* for the plaintiffs, cited *Commonwealth* v. *Harrison,* 11 Gray, 308 ; *Flagg* v. *Millbury,* 4 Cush. 243 ; *Commonwealth* v. *Collins,* 2 Cush. 556 ; *Pearce* v. *Atwood,* 13 Mass. 324, 350, 351 ; *Commonwealth* v. *Knox,* 6 Mass. 76 ; *Hinckley* v. *Penobscot,* 42 Maine, 89 ; *Stackpole* v. *Symonds,* 3 Fost. (N. H.) 229 ; *Adams* v. *Gay,* 19 Verm. 358 ; *Sumner* v. *Jones,* 24 Verm. 317 ; *Logan* v. *Mathews,* 6 Barr, 417 ; *Hadley* v. *Snevily,* 1 Watts & S. 477 ; *Rex* v. *Younger,* 5 T. R. 449 ; *Rex* v. *Cox,* 2 Burr. 785.

*C. E. Allen,* for the defendant, cited, besides cases referred to in the opinion, *Bosworth* v. *Swanscy,* 10 Met. 365 ; *Johnston* v. *Commonwealth,* 22 Penn. State R. 109 ; *Phillips* v. *Innes,* 4 Clark & Fin. 244.

CHAPMAN, J. It is assumed in the bill of exceptions that the iron in question had been sold and delivered by the plaintiffs to the defendant, and that the defendant, having received information of the dangerous illness of his father, who resided in Bangor, Maine, and a request to go immediately and visit him, employed the plaintiffs to sell the iron on his account. A verdict

**was** directed for the defendant, on the ground that this employ ment and the services rendered in conformity with it were in violation of Gen. Sts. *c.* 84. By the first section of this chapter it is made unlawful to do any manner of labor, business or work, except works of necessity and charity, on the Lord's day. By § 12 the Lord's day is declared to include the time from midnight to midnight. It appears that the defendant wrote the letter, in which he requested the plaintiffs to do the work sued for, on the morning of the Lord's day; and one of the plaintiffs received it on that day. On the next Monday or Tuesday the plaintiffs took the iron and stored it, and in two months they sold it.

If then we assume that it was a violation of the statute for the defendant, who was suddenly called to visit his father in his sickness, to write the letter requesting the plaintiffs to take care of the property which had just been delivered to him and which then lay exposed on the wharf, yet the letter must be regarded as a mere offer and request of the defendant; and he alone was implicated by it in the violation of the statute. The mere receipt of the letter cannot be regarded as a violation of the statute. If the plaintiffs had accepted the defendant's proposal on that day, the contract would have been unlawful. *Merriam* v. *Stearns*, 10 Cush. 257. *Bustin* v. *Rogers*, 11 Cush. 346. The ground on which a plaintiff's action is defeated in such case is, that a party is not permitted to found a claim in courts of law upon his own contravention of law. *Pattee* v. *Greely*, 13 Met. 284. *Way* v. *Foster*, 1 Allen, 408.

But it does not appear from the bill of exceptions that the plaintiffs accepted the offer on that day; and as the case is stated it presents the question whether the acceptance on Monday or Tuesday, of an offer which had been unlawfully made on the preceding Sabbath, implicates the plaintiffs in a violation of the statute. In *Lovejoy* v. *Whipple*, 18 Verm. 379, it was held that a note made and signed on Sunday, but not delivered till another day, is not void. The law on this subject is fully discussed in that case by Redfield, J. See also *Adams* v. *Gay*, 19 Verm. 358. The case of *Williams* v. *Paul*, 6 Bing. 653, which is

cited in *Adams* v. *Gay*, is not to be relied on, because Parke B afterwards expressed a doubt whether it could be supported as law. See note to *Simpson* v. *Nichols*, 5 M. & W. 702. The distinction, as stated in *Adams* v. *Gay*, is, that a contract finally executed on Sunday is void; but when not fully closed on that day it is not void, because some of its terms might have been fixed upon that day, or indeed because most of the business out of which the consideration for the contract arose was transacted on that day.

In this case the letter contained an offer which would continue in force as against the defendant until it should be withdrawn. An acceptance on Monday . or Tuesday would have been binding on the defendant if it had been written on any other day than Sunday. The acceptance on Monday or Tuesday was not in itself a violation of the statute. So that the defence must rest solely upon the fact that the defendant himself was guilty of an illegal act in preparing and sending his offer. By the authority of the cases referred to, this is not sufficient to enable him to avoid his contract; and, independently of any authority, this conclusion is reasonable. *Exceptions sustained.*