JAMES W. KING

*v.*

JAMES M. FLEMING.

1. CONTRACTS—*executed on Sunday.* The execution of a promissory note is not complete until it is delivered to the payee, or some one for him, and it will not be void, though signed on Sunday, if delivered on another day.

2. It is not sufficient, to avoid a contract, that it may have grown out of a transaction on Sunday.. It must have been finally closed on that day to avoid it.

3. SAME—*executed on Sunday, valid if ratified afterwards.* Although a contract may be entirely closed on Sunday, yet, if ratified by the parties upon a subsequent day when it is lawful to make contracts, it is valid.

4. Where a promissory note made by two, one of whom signed it on Sunday, was, on a subsequent day, delivered by one of the makers to the payee, who was ignorant of the fact that it had been signed on Sunday, it was *held*, that such delivery was a subsequent ratification of the note, and made it valid.

5. A promissory note was signed by one of two makers, on Sunday, in a State where the statute made a note executed on Sunday void. It appeared that the note was written on another day and signed by one maker on Sunday, and on Monday the other maker delivered it to the payee, who had no knowledge of its having been signed on Sunday: *Held*, that, in such case, the note was within the control of the makers until delivered, the possession of one being the possession of both, and that the delivery of the note on Monday was a ratification of it, and rendered it valid.

APPEAL from the Circuit Court of Vermilion county; the Hon. JAMES STEELE, Judge, presiding.

Mr. E. S. TERRY, for the appellant.

Mr. WILLIAM H. MALLORY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought on a promissory note made in the State of Indiana. The defense urged is, it was executed on Sunday, and, by the laws of that State, it is made unlawful

to engage "in common labor" or "usual avocations, works of charity or necessity, only, excepted." Hence it is insisted the note is void.

The testimony shows the note was written sometime during the week prior to the day it bears date. It was, in fact, signed by appellant on Sunday, but not delivered to appellee until Monday. There is no evidence as to when the other maker signed his name. In the absence of proof, it will be presumed it was done on a day when it was lawful to do secular labor. It is proven appellee had no knowledge, when he received the note, it had been executed on Sunday by either maker.

In *Reynolds* v. *Stevenson*, 4 Ind. 619, it was held, the making of a promissory note on Sunday was "common labor," within the meaning of the statute of that State which forbids the transaction of all secular business on Sunday.

A replevin bond executed on Sunday was declared to be void, its execution being in violation of the statute which forbids "common labor" on that day. *Lusk* v. *Clemmens*, 7 Blackf. 479.

In a later decision of that court, it was declared a sale of goods made on Sunday was void, as being against the statute, yet it was held, the parties, by subsequently acting upon the contract as a valid and subsisting agreement, might ratify it, on the principle that contracts made on Sunday form an exception to the general rule that void contracts are not susceptible of ratification. *Banks* v. *Werts*, 13 Ind. 203; *Adams* v. *Gay*, 19 Verm. 358.

In *Love* v. *Wells*, 25 Ill. 503, it was held, a deed, though signed and acknowledged on Sunday, if delivered on another day, is valid, whatever may be the effect on the acknowledgment, for the reason it did not take effect as a deed until after delivery.

The execution of a promissory note is not complete until it is delivered to the payee, or some one for him. The decisions seem to be, promissory notes will not be void, though

signed on Sunday, if delivered on another day. The principle is, such contracts are not tainted with any general illegality, but are illegal only as to the time in which they are entered into. It is not sufficient, to avoid them, that they may have grown out of a transaction on Sunday. They must be finally closed on that day.

. The weight of authority seems to be, although such contracts be entirely closed up on Sunday, yet, if ratified by the parties upon a subsequent day, they are valid. *Adams* v. *Gay, supra; Commonwealth* v. *Kenedy,* 2 Penn. St. 448; *Clough* v. *Davis,* 9 N. H. 500; *Hilton* v. *Houghton,* 35 Maine, 143; *Lovejoy* v. *Whipple,* 18 Verm. 379.

In the case at bar, the note, though signed by one of the makers on Sunday, was delivered to the payee on Monday, the day it bears date. The payee was ignorant of the fact the note had been signed on Sunday. The delivery was made by one of the makers. This was a subsequent ratification, and brings the case clearly within the principles of the cases cited.

It is objected, appellant did not himself deliver the note; that parol authority to deliver it upon another day is within the statute, and therefore void.

The case, in our judgment, is not affected by the principle insisted upon. In this instance, the note was delivered by one of the makers, in pursuance of an arrangement previously made, upon a day on which it was lawful to perform "common labor."

Although the note was signed by one of the makers on Sunday, it was within their control until Monday, when it was delivered to the payee. The possession of one of the joint makers must be regarded as the possession of both.

No error appearing in the record, the judgment must be affirmed.

*Judgment affirmed.*