# Burns & Co *v.* Moore & McGee.

*Action on Promissory Note, by Payees against Makers.*

1. *Judgment against one of several defendants, in action on note.*—In an action against two or more persons as joint makers of a promissory note, or other contract made joint and several by statute (Code, §§ 2905, 2919), judgment on verdict may be rendered against one, and in favor of the others.

2. *Date of promissory note; admissibility of parol evidence as to.* The date of a promissory note is only *prima facie* evidence of the day on which it was executed, and parol evidence is admissible to show that it was in fact executed on another day.

3. *When note takes effect as contract.*—A note takes effect as a contract, not from the day on which it is dated or signed, but from the day on which it is delivered; and if it was not delivered on Sunday, its validity is not affected by the fact that it was dated or signed on that day.

4. *Contracts made on Sunday; exception "in case of necessity."*—A contract made on Sunday, if made "in case of necessity," is not void (Code, § 2 38); and when there is any evidence whatever tending to show that the contract sued on was made in a "case of necessity," as the words are used in the statute, the sufficiency of that evidence should be submitted to the jury.

5. *Same.*—The necessity which will bring a case within this exception to the statute, if not physical, must involve, at least, a moral emergency which will not reasonably admit of delay, and which rescues the act from the imputation of a willful desecration of the day; and the inconvenience which might ordinarily result from a day's delay in travelling is not such an exigency as tends to establish a case of necessity, or requires that the sufficiency of the evidence should be submitted to the jury.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Burns & Co., a mercantile partnership doing business in Nashville, Tennessee, against R. R. Moore and Henry McGee, as joint makers of a promissory note for $264.50, which was dated "Nashville, Tenn., August 7th, 1875," and payable six months after date, to the order of said Burns & Co., at the bank of Fordyce & Rison, in Huntsville, Alabama, "with interest after maturity at ten per-cent. *per annum.*" The defendants jointly pleaded, "in short by consent," that the note was void because executed on Sunday, and several other special pleas; and the defendant McGee separately

[Burns & Co. v. Moore & McGee.]

pleaded several other defenses. Issue was joined, without objection, on all of these pleas; and under the evidence adduced, and the charges of the court, the jury returned a verdict against said R. R. Moore, and in favor of said Henry McGee. On this verdict, the court, having overruled a motion in arrest of judgment, rendered judgment in favor of plaintiffs against said Moore, for the principal of the note sued on (the defense of usury being admitted), and in favor of said McGee, for costs.

On the trial, as the bill of exceptions shows, the plaintiffs read in evidence the deposition of M. Burns, a member of their firm, by whom the note was taken and accepted, and who testified, in substance, that he went from Nashville to Huntsville for the purpose of effecting a settlement of an old debt which Moore owed his house, and for part of which McGee was bound; that he made a settlement with Moore, at his business house in Huntsville, on Saturday, August 7th, 1875, and then sat down and wrote out the three notes which he had agreed to take, the last being the note now sued on; that Moore then signed the notes, and delivered them to him, and said that McGee would become surety for him on the last note; that he then gave the note back to Moore, in order that he might procure the signature of McGee, which Moore promised to obtain, and to return the note to him that night; that Moore did not return the note to him, with McGee's signature, until the next day, which was Sunday, and then told him that McGee had signed it on Saturday night. Said McGee, testifying as a witness for the defendants, stated, that said Burns came to his hotel in Huntsville on Friday night, and remained until four o'clock on Sunday afternoon; that said Burns, "a few hours before he left on the train, persuaded him (witness) to sign said note, saying that it would be an accommodation to his house in Nashville, and would enable them to raise money on the note; that he refused to sign said note when presented to him, because it was Sunday, and said it would be of no account; and that Burns thereupon said, ' We never expect you to pay it, but we want your name, so we can raise money on it ;'" and that this occurred after dinner on Sunday, before the four o'clock train left.

The court, in its general charge to the jury, instructed them, among other things, as follows: "You may find the issues in favor of the plaintiffs, against one of the defendants; in which case, your verdict will be, ' We, the jury, find the issues in favor of plaintiffs, against the defendant,' naming him, ' and assess their damages at' the amount of the principal of the note sued on. And you may find in favor of the other defendant; in which case, your verdict should be, ' We,

[Burns & Co. v. Moore & McGee.]

*the jury, find the issues in favor of the defendant,*' naming him." To this part of the general charge the plaintiffs excepted.

The court also gave the following charges to the jury, on the request of the defendants : (1.) " If Burns reached Huntsville on Friday, for the purpose of having the debt against Moore settled, and obtained McGee's signature on Sunday, and it was delivered to Burns on that day, no question of necessity for the execution of the note on Sunday arises in the case." (2.) " The execution of a note consists in the signing and delivery. If the note here was signed on Sunday, August 8th, it could not be delivered on Saturday, August 7th ; and if the jury believe that McGee signed the note on Sunday, and that Burns left Huntsville on Sunday, they will consider from these facts, whether Burns obtained the note from said McGee." (3.) " The facts of this case do not show a case of necessity for the execution of the note on Sunday." (4.) " If the jury believe that said Burns gave the note to Moore on Saturday night, for the purpose of obtaining McGee's signature ; and that Moore then signed it, and carried it to McGee, who signed it, and delivered it on Sunday, this would be an execution of the note on Sunday, and it would be void as against McGee." The plaintiffs excepted to each of these charges, and they then requested five charges in writing, each of which was given by the court.

The plaintiffs now assign as error that portion of the general charge of the court to which they excepted, as above stated, and also the five charged given as "*requested by appellants.*"

Jno. D. Brandon, for appellants.

L. Cooper, *contra.*

SOMERVILLE, J.—It can be no ground of sufficient objection, that judgment was rendered, upon the note sued on, against only *one* of the two defendants who were parties to the suit, and that judgment was rendered, on a proper verdict, in favor of the other defendant. The statute expressly provides, that " when suit is instituted against several defendants, the plaintiff may recover against one or more, but is liable to costs to those against whom he does not obtain judgment."—Code, 1876, §§ 2919, 2905 ; *Steed v. Burnhill,* 71 Ala. 157.

The main question raised by the rulings of the court is, whether the note is void as to the defendant McGee, as a contract executed in violation of the Sunday law. The statute declares, that " all contracts made on Sunday, unless for the advancement of religion, or in the execution, or for the per-

[Burns & Co. v. Moore & McGee.]

formance of some work of charity, or in case of *necessity*, are void."—Code, 1876, § 2138.

The note bears date on Saturday ; but this was only *prima facie* evidence of the true date of execution, which could be shown by parol proof.—*Aldridge v. Br. Bank at Decatur*, 17 Ala. 45.

So, it is clearly immaterial, whether the note was signed on Saturday, and delivered on Sunday, or was both signed and delivered on the latter day. The mere writing and signing a note on Sunday, unless it be then delivered, will not avoid it.—*Flanagan v. Meyer & Co.*, 41 Ala. 132 ; *Love v. Wells*, 25 Ind. 503. The date of the making of such a contract, within the meaning of the statute, is, therefore, necessarily the day of its delivery, for the reason that it can have no efficacy or binding force until the act of delivery is performed.—*King v. Fleming* (72 Ill. 21), 22 Amer. Rep. 131 ; *Butler v. Lee*, 11 Ala. 885 ; *Clough v. Davis*, 9 New Hamp. 500 ; 2 Parsons Cont. 763.

The rulings of the court are in strict harmony with these views.

It will be observed that all contracts, of whatever nature, are rendered void by the statute, if made on Sunday, unless they fall within one of the classes of cases specially excepted. ·The law is, therefore, more sweeping in its vitiating effects than the former statute in this State, known as the act of 1803, or the English statute of 29 Charles II, being on the same subject-matter.—*Saltmarsh v. Tuthill*, 13 Ala. 390.

It is insisted that the evidence tended to show, that the making of the note in controversy was a case of *necessity*, and that the court should have submitted this issue to the jury, as making a case within one of the exceptions of the statute. If there was any evidence introduced on the trial, from which such an inference could be drawn, the question of the sufficiency of this evidence should have undoubtedly been left to the jury for their determination.—*Hooper v. Edwards*, 18 Ala. 280 ; *Feital v. Middlesex Railroad*, 109 Mass. 398. But the facts of the case tended to establish no such conclusion. The term *necessity*, as used in such statutes, means more than physical necessity. It is universally construed by the court to involve also considerations of moral fitness and propriety under the peculiar circumstances of the particular case. The design of the law is to preserve, to some extent, the sanctity of the Christian Sabbath, by discouraging indulgence in certain kinds of business of a secular nature.—*Smith v. Boston R. R.* (120 Mass. 490), 21 Amer. Rep. 538 ; *Johnson v. People*, 31 Ill. 469 ; Code, 1876, §§ 4443-44. The necessity which will excuse, if not a physical one, must, at least, be a moral emergency which will not reasonably admit of delay, but is so pressing in its nature as to

rescue the act done from the imputation of a willful desecration of a day made sacred for certain purposes in morals as well as in law. To this class belongs, as it has been held by this court, a contract by which a creditor secures an indemnity from an absconding debtor, who was pursued and overtaken on Sunday. *Hooper v. Edwards*, 18 Ala. 280. And an undertaking of bail which is entered into on Sunday.—*Hammons v. The State*, 59 Ala. 164. Such, too, it has been said, is the act of repairing a defect in a public highway which constantly endangered the safety of travellers.—*Flagg v. Inhabitants of Millbury*, 4 Cush. (Mass.) 243. And the loading of a vessel where there is danger of navigation being closed.—*McGatrick v. Wason*, 4 Ohio St. 566. Not so, however, it has been said, with the execution of a promissory note on Sunday, made to procure the discharge of the principal maker, who had been arrested on a charge of bastardy.—*Shippy v. Eastwood*, 9 Ala. 198. Or the clearing out of a wheel-pit on the Sabbath, for the purpose of preventing the stoppage, on a week day, of mills which employed a large number of hands.—*McGrath v. Mervin* (112 Mass. 467), 17 Amer. Rep. 117.

We see in this case no elements of either physical or moral necessity. No emergency is shown which excuses the taking of the note on Sunday. The plaintiff, Burns, who took the note from McGee, is shown to have arrived at Huntsville on Friday, and remained there until Sunday afternon. No excuse is shown for delaying the act until a short time before his departure which bears the appearance of a moral exigency. No excuse is shown for not postponing the act another day, except the mere inconvenience of an ordinary delay in travelling. The court properly charged the jury, that the case did not present one of "necessity" within the contemplation of the statute.

Affirmed.