# Freeman *v.* Brown.

*Bill in Equity for Cancellation of Mortgage as Cloud on Title.*

| 96 | 301 |
| 102 | 336 |

| 96 | 301 |
| 123 | 509 |

1. *Amendment to bill in equity.*—Under the statute (Code, § 3449) providing that "amendments to bills must be allowed at any time before final decree, . . . to meet any state of evidence which will authorize relief," a bill in equity for the cancellation of a mortgage as a cloud on title to land, which alleges that the defendant is in possession under a judgment in his favor in an action of unlawful detainer, may be amended, after the cause is at issue, by alleging that since the bill was filed complainant has appealed from said judgment in favor of the defendant, and by adding a special prayer that the further prosecution of said action be enjoined.

2. *Removing cloud on title of one out of possession.*—A bill to remove a cloud from title to land will not lie in behalf of one out of posession, where such person has an adequate remedy by an action at law for possession; but where the title supposed to be clouded is an equitable one, a bill in equity to remove the cloud may be maintained, though the complainant is out of possession.

3. *Estoppel of mortgagee.*—Where a purchase of land was induced by the representation of a mortgagee that he released and waived his mortgage, and the mortgagee, with knowledge that the purchaser was buying and paying for the land in the belief that the mortgage had been waived, and without informing him to the contrary, assisted in

[Freeman v. Brown.]

the preparation of the deed, knew its contents, and as justice of the peace took the vendor's acknowledgment of it, the mortgagee is estopped to assert the lien of his mortgage as against such purchaser.

APPEAL from the Chancery Court of Fayette.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 18th June, 1890, by John A. Brown, against Benjamin F. Freeman, and sought the cancellation of a mortgage to the defendant, and its removal as a cloud upon the complainant's title to a tract of land purchased by him from one Monroe. The following state of facts was alleged in the bill: In March, 1884, said Monroe, being then the owner of the land in question, mortgaged it to the defendant to secure a debt owing to him. In October, 1887, Monroe proposed to sell the land to the complainant, and the complainant agreed to buy it if defendant would release his mortgage. The defendant came with Monroe to see the complainant, and told complainant that it was all right for Monroe to convey the property, that he had agreed to look to Monroe for other security, and to release all claims against the property in question. Relying on these representations of the defendant, the complainant agreed to purchase the land from Monroe. The defendant assisted in the preparation of Monroe's deed to the complainant, and as a justice of the peace took the acknowledgment of it. The deed was delivered, and complainant paid Monroe the purchase price, and placed a tenant in possession of the land. In January, 1890, the defendant, claiming under said mortgage, brought a suit against complainant's tenant for the unlawful detainer of said land, recovered judgment, and was placed in possession by the sheriff. The defendant demurred to the bill, on the ground that, on the facts alleged, complainant had an adequate remedy at law. Against the objection of the defendant, the complainant amended the bill by alleging that, since the bill was filed, an appeal had been taken to the Circuit Court from the judgment in favor of the defendant in said unlawful detainer suit, and that said suit was then pending in the Circuit Court; and by adding a special prayer that the defendant be enjoined from further prosecuting said action of unlawful detainer. From a decree for complainant, defendant appeals.

JOHN B. SANFORD, for appellant.

MCGUIRE & COLLIER, contra.

MCCLELLAN, J.—Under general rules of equity plead-

[Freeman v. Brown.]

ing, the amendment of the bill in this cause, the allowance of which is assigned as error, should not have been allowed, both because it was brought forward after the cause was at issue—indeed while the hearing was in progress—and because the fact thus sought to be injected into the case occurred subsequent to the filing of the bill; but our statute provides that "amendments to bills must be allowed at any time before final decree, by striking out or adding new parties, or to meet any state of evidence which will authorize relief."—Code, § 3449; 3 Brick. Dig. p. 379, §§ 201 et seq.; and such amendments "may introduce new matter consisting of facts occurring subsequent to the filing of the original bill, pertaining to the matter of the original bill," though formerly such matter should have been introduced by a supplemental bill.—Alabama Warehouse Co. v. Jones, 62 Ala. 550.

The demurrers to the bill were properly overruled. On the case presented by complainant, he had no remedy in a court of law. The legal title was in the respondent through the foreclosure of a mortgage which antedated complainant's deed. The claim now advanced by complainant rests upon matter in pais which, he says, estops respondent to assert this legal title against his own superior equity. Of such claims no cognizance is taken by courts of law; equity alone can be invoked to their effectuation.—3 Brick. Dig. p. 448, §§ 26–7. Ordinarily, a bill to remove clouds from title will not lie in behalf of one out of possession, for the reason that ordinarily under these circumstances an action for possession may be maintained at law, judgment in which would dissipate the alleged cloud. But where, as in this case, the title which is supposed to be clouded is an equitable one, the legal remedy does not exist, no recovery could be had at law, however meritorious plaintiff's title might be in the contemplation of a court of conscience, and upon this consideration the principle has become well established that chancery may be resorted to for relief against the cloud by one out of possession.—Echols v. Hubbard, 90 Ala. 309.

The evidence found in this record, in our opinion, sustains the conclusion of the chancellor that the respondent waived his mortgage on the land in controversy in furtherance of the proposed sale of it by Monroe to complainant, informed complainant of such waiver, willingly allowed him to purchase the property from Monroe and pay for it on the assumption that his, respondent's, lien was released and waived, and that the purchase and payment were induced by this assumption, thus authorized and justified by the statements and conduct of the respondent. It is unnecessary, and would

[Freeman v. Brown.]

be unprofitable, to discuss the evidence in detail. It will suffice to say that the averments of the bill in this regard are supported by the testimony of three or four disinterested witnesses and of complainant himself, while, to the contrary, only the evidence of respondent and his wife is adduced; and if it be conceded that there are discrepancies between the witnesses for complainant, they are such only as may well have resulted from a mere failure of memory on the part of some of them of circumstances fully recalled by others, and not such as involved any positive contradiction of one or more by others; while, on the other hand, the discrepancies between the testimony of respondent and that of his wife are as numerous, and some of them of a more serious character—as, for instance, in respect of the proposition for Monroe to give Freeman another mortgage on property at Day's Gap, as to which respondent testifies that nothing at all was ever said, and his wife swears that she advised him not to give up his mortgage on the property at Berry Station for one on that at Day's Gap, &c., &c.,—as among complainant's witnesses. And, moreover, it is undisputed that respondent assisted in the preparation of Monroe's deed to complainant, knew its contents, and took the acknowledgment of it; and all this, as Mrs. Freeman's evidence goes to show, he did with the knowledge that complainant was buying and paying for the land in the belief that the mortgage had been waived, and without informing complainant to the contrary, as his wife testifies she besought him to do.

That the facts, averred in the bill and which we concur with the chancellor in holding are established by a satisfying preponderance of the evidence, raise up an estoppel in favor of the complainant against the assertion by respondent of any title under the mortgage, and entitle complainant to the relief prayed, there can, upon principle and authority, be no doubt.—*Lindsay v. Cooper*, 94 Ala. 170, and authorities there cited.

The decree of the Chancery Court is affirmed.