# Hauerwas et al. v. Goodloe, Receiver.

*Action on Promissory Note.*

1. *Note executed on Sunday.*—A note executed on Sunday can not be the subject of a recovery.

2. *Action on a note; burden of proving its true date.*—In an action on a note dated on Sunday, the presumption is that the note bears its true date, and the burden is upon the plaintiff to overcome such presumption, by proving that it was executed on a day that was not Sunday.

3. *Evidence; proof of handwriting in a note.*—In an action by a bank on a note dated on Sunday, payable to the bank, testimony that the body of the note sued on was in the handwriting of the bank's cashier, who was not in its employ until after the date of the note, is admissible as tending to prove that the note did not bear its true date.

4. *Same; admissibility of bank book.*—In an action by a bank on a note dated on Sunday, a book of the bank in which the number, name of the maker, date of execution, amount and date of maturity of all notes discounted by the bank are kept, is not admissible in evidence to show that the note sued on was a renewal of another note, which matured on Sunday, and that the renewal note was executed on a day that was not Sunday, but was dated back to the maturity of the old note according to the custom of the bank.

5. *Contracts violative of the constitution and laws.*—All contracts hostile to or violative of the state constitution and laws, or offensive to the public policy of the United States, are invalid and can not be made the basis of a recovery in any suit.

APPEAL from the District Court of Lauderdale.

Tried before the Hon. W. P. CHITWOOD.

This was an action brought by J. C. Goodloe, as re-

ceiver of the Florence National Bank, against J. A. Hauerwas, Louis Levin and Osworth Breuss; and was founded on a promissory note.

The defendants, by special plea, set up the defense that the plaintiff was a banker doing business in the State of Alabama, and that it discounted said note at a greater rate of interest than 8 *per cent.* in violation of the penal statutes of Alabama. To this special plea the plaintiff demurred on the ground that the plaintiff was a national bank organized under the federal statutes, and governed by the federal laws, and that said penal statute was not applicable to its contracts, and did not invalidate them. The court sustained the demurrer, and defendant excepted. Defendants also, as a further defense, pleaded that the note sued on was made on Sunday. Upon this plea plaintiff joined issue.

The plaintiff introduced the note in evidence, which was signed by the defendants, and in connection therewith a book, regularly used in the business of the bank, known as the "discount register," and in which register the number, name of maker, date of execution, amount and date of maturity of all the notes discounted by the bank were entered. This book showed that the note sued on was a renewal of a note which matured on March 15, 1891, (Sunday), and was executed on March 27, 1891. S. D. Rice was introduced as a witness, and testified that he was in the employ of the bank at the time the note was renewed; that the book was correctly kept; and that it was the custom of the bank in renewing notes, if the renewal was not made on the same day the old note matured, to date the new note back to the date of the maturity of the old note. The defendants objected to the introduction in evidence of the "discount register," on the ground that it failed to show any connection between the note in suit and said book. The court overruled this objection, allowed the discount register to be introduced in evidence, and the defendants duly excepted. It was further proved, against the objection and exception of defendants, that the body of the note was in the handwriting of one Tice, who was the cashier of the plaintiff, and that on March 15, 1891, said Tice was not in the employ of the bank, and did not come to the bank until the 19th of March, 1891, and that the note in suit was not made until March 27, 1891.

[Hauerwas et al. v. Goodloe, Receiver.]

The defendants introduced no testimony, but after the introduction of all the testimony for the plaintiff, they asked the following written charges, and separately excepted to the court's refusal to give each of them as asked :　(1.)　"If the jury believe the evidence they must find for the defendants."　(2.)　"If the jury believe that the note sued on was made on Sunday, then they must find for the defendants."　(3.)　"If the plaintiff has failed to prove to you that the note in suit was not delivered on the day it bears date, then your verdict must be for the defendants."　(4.)　"Unless you believe from the testimony, that the note in suit was not made and delivered to plaintiff on the 27th day of March, 1891, then your verdict must be for the defendants."

There was judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

NATHAN PARKINS, for appellant.

C. E. JORDAN, contra.—Parol evidence is admissible to show, that a note bearing a certain date was, in fact, executed on another date.—Burns & Co. v. Moore & McGee, 76 Ala. 339.　A note takes effect as a contract, not from the day of its date, but from the date of its delivery.— Burns & Co. v. Moore & McGee, supra; Flanagan v. Meyer & Co., 41 Ala. 132.　A note which falls due on Sunday, and is renewed on a subsequent week day, but dated back on Sunday of maturity, being delivered on a week day, and taking effect only from delivery, is valid.—Aldridge v. Branch Bank at Decatur, 17 Ala. 45.　The books of a bank are competent evidence in its behalf, on proof of the entries by the clerk who made them, or if he be dead, or inaccessible, then by his handwriting.—Morse on Banks & Banking, (2d. Ed.) p. 62 ; Union Bank v. Knapp, 15 Amer. Dec. 181 and note ; Reynolds v. Sumner, 9 Amer. St. Rep. 523 ; Odell v. Culbert, 42 Amer. Dec. 523.

STONE, C. J.—The note sued on is copied in the bill of exceptions. It is dated March 15, 1891, which was a Sunday. The presumption is that it bears its true date ; and the burden of overcoming that presumption rests on him who asserts the contrary. In other words, it was on the plaintiff to prove that it was executed on a day which

was not Sunday.—*Dodson v. Harris*, 10 Ala. 566 ; *Aldridge
v. Br. Bank*, 17 Ala. 45 ; *Burns v. Moore*, 76 Ala. 339.   If
executed on Sunday it could not be the subject of a re-
covery.

As a general rule witnesses can only testify to facts
within their knowledge.   They can not testify to their
belief that a fact exists.   This rule has exceptions, but
there was no question in this case which brought it with-
in any of the exceptions.   There was no error in receiv-
ing testimony that the body of the note sued on was in
Tice's handwriting, and that he, Tice, did not become
an employé of the bank until after March 15, 1891. This
tended to prove the note did not bear its true date. There
was no authority for introducing the bank book in evi-
dence.

All contracts hostile to, or violative of the constitution
or laws, or offensive to the public policy of the United
States, are invalid, and a recovery can not be had upon
them.—3 Brick. Dig. 145, § 61.

There were several errors committed in the trial of
this case.   We need not specify them.   The principles
declared above will be a sufficient guide for another trial.

Reversed and remanded.