# Williams *et al.* v. Armstrong *et al.*

## *Statutory Action of Ejectment.*

1. *Deed; presumption as to delivery.*—The delivery of a deed is necessary to effectuate the instrument as a conveyance of title, and in the absence of evidence showing a delivery of the deed on a day different from its date, it will be presumed that the deed was delivered on the day of its date.

2. *Same; mortgage void when executed on Sunday.*—A deed made and delivered on Sunday is, under the express provisions of the statute, (Code, § 2170) void, and is not admissible in evidence.

3. *Same; same; burden of proof.*—In an action of ejectment, where one of the deeds in the chain of title of the defendant is dated on Sunday, in the absence of proof showing that the delivery of the deed was on a day different from its date, it will be presumed that the deed was delivered on said date, and the burden of overcoming such presumption rests on the defendant.

4. *Same; same; estoppel in action of ejectment.*—Where an action of ejectment is brought by the only heirs at law of a deceased person, and the defendant claims title under said decedent through mesne conveyances, it is competent for the plaintiffs

[Williams *et al.* v. Armstrong, *et al.*]

to show that the first of the deeds in the chain of defendant's title was executed by their ancestor on Sunday, in connection with the undisputed evidence that after the execution of said deed the ancestor remained in possession up to the time of her death.

5. *Same; same; same.*—In an action of ejectment, facts tending to show that the ancestor through whom the plaintiffs claim title, by acts and declarations, worked an equitable estoppel against herself during her life time, constitute no defense and are inadmissible in evidence; an equitable estoppel not being available as a defense in ejectment.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. A. A. EVANS.

This was a statutory real action in the nature of ejectment, originally brought by the appellees as the only heirs at law of Mrs. E. C. Armstrong, deceased, against one Cap Williams, to recover certain lands specifically described in the complaint. On motion of Cap Williams the American Freehold Land Mortgage Company of London, Limited, was made a party defendant; said Williams being a tenant in possession under said Mortgage Company.

The cause was tried upon issue joined on the plea of the general issue. The facts of the case showing the claim of the plaintiffs and the respondent, respectively, are sufficiently shown in the opinion. Upon the defendant offering to introduce in evidence the deed which was executed on December 4, 1881, by Charles Armstrong and E. C. Armstrong, in which the lands involved in this controversy were attempted to be conveyed to A. J. Armstrong, the plaintiffs objected to the introduction of said deed in evidence, on the ground that it was dated on Sunday, and the law presumed that the same was delivered on that day. The court sustained the objection, refused to allow said deed to be introduced in evidence, and to this ruling the defendant duly excepted.

Upon the introduction of all the evidence, the court at the request of the plaintiffs, gave to the jury the general affirmative charge in their favor. To the giving of this charge the defendant duly excepted. There were verdict and judgment for the plaintiffs. The defendants

[Williams *et al.* v. Armstrong, *et al.*]

appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

J. D. NORMAN, for appellant.—It is true the law presumes, in the absence of evidence to the contrary, that the date of a deed is the date of its delivery.—9 Amer. & Eng. Encyc. of Law, 152; but the execution and delivery of a deed on Sunday is an immortal act.—Code of 1896, § 2170; *Rainey v. Capps,* 22 Ala. 292. If this deed was executed on Sunday, the grantor therein, through whom the plaintiffs derive title, was a party to the illegal or immoral act, and a party to such a contract is deemed *in pari delicto* and not in a position to invoke the interposition of the law.—24 Amer. & Eng. Encyc. of Law, 555. And if the mother of the plaintiffs is not in a position to invoke the aid of the court, in opposition to said deed, they asserting only her title, can not do so.—*Moore v. Kendall,* 52 Amer. Dec. 147; *Ellis v. Hammon,* 57 Ga. 179.

The decisions of our own court are in harmony with the rulings of other courts, in withholding its assistance from either party, if the contract involved has been executed by the illegal act of the parties on the Lord's day, and will not assist either to avoid the effect of his own unlawful act.—*Hill v. Freeman,* 73 Ala. 200; *Morris v. Hall,* 41 Ala. 536; *Black v. Oliver,* 1 Ala. 449; *Williams v. Higgins,* 69 Ala. 517; *Thornhill v. O'Rear,* 108 Ala. 303.

GEORGE STOWERS, EDWIN F. JONES, GORDON MACDONALD, and JOHN D. MCNEEL, *contra.*—The deed in this case then was made and delivered on a Sunday, and thus comes within section 2170 of the Code. By the express terms of that statute, such a deed is declared be be *void.* This statute and the previous statute of 1803 have been construed in *O'Donnell v. Sweeny,* 5 Ala. 467; *Sheppey v. Eastwood,* 9 Ala. 198; *Dodson v. Harris,* 10 Ala. 162; *Saltmarsh v. Tuthill,* 13 Ala. 390; *Rainey v. Capps,* 22 Ala. 288; *Burns v. Moore,* 76 Ala. 339; *Anderson v. Bellinger,* 87 Ala. 337; *Hauerwas v. Goodloe,* 101 Ala. 162.

Whenever a party claims under an instrument dated on a Sunday, the burden of proof is on him to show that said instrument was in fact executed on a day other than a Sunday.—*Dodson v. Harris,* 10 Ala. 566; *Aldridge v. Br. Bank,* 17 Ala. 45; *Burns v. Moore,* 76 Ala. 339; *Hauerwas v. Goodloe,* 101 Ala. 162.

TYSON, J.—The plaintiffs claim title to the land which they were permitted to recover in the court below by inheritance from their mother, who died in 1886. She acquired title to and possession of said land in March, 1881, and continued in possession of the same until the date of her death. On December 4, 1881, she and her husband signed, sealed and delivered in the presence of two witnesses, a deed to this land to one A. J. Armstrong, upon a consideration therein recited of $2,500 paid, and which was also acknowledged by her separate and part from her husband on the same day before a justice of the peace. On the 12th January following, A. J. Armstrong, upon a recited consideration of $2,600 paid by Charles Armstrong, the husband of the mother of plaintiffs, executed to him a deed to this land, and on the 14th January, 1884, Charles Armstrong and the plaintiffs' mother executed to the defendant Mortgage Company a mortgage upon this land to secure an indebtedness of the said Charles which was afterwards foreclosed in 1892 by sale under the power contained in it, the Mortgage Company becoming the purchaser. Shortly after the sale and in the same year, the Mortgage Company instituted its action of ejectment against Charles, the husband, and father of these plaintiffs, for the possession of this land. In that suit, he disclaimed possession of, and all right, title or interest in and to said land. In 1894 a judgment was recovered in that suit, and the Mortgage Company went into possession. In 1896 Charles Armstrong died, and in 1897 this suit was brought.

The day on which the deed was executed by plaintiff's mother to A. J. Armstrong, to-wit, December 4th, 1881, was Sunday. There was no evidence tending in the remotest degree to show a delivery of the deed on any day different from its date. In the absence of such

[Williams *et al.* v. Armstrong, *et al.*]

proof, it must be presumed that the deed was delivered on the day of its date.—*Fitzpatrick v. Brigman, infra.* 2 Am. & Eng. Ency. Law (2d ed.), 152 and note 2. And the burden of overcoming that presumption rested upon the defendants. In other words, it was on them to prove that it was executed on a day which was not Sunday.—*Hauerwas v. Goodloe,* 101 Ala. 162, and authorities there cited. It is scarcely necessary to say that an effectual delivery of the deed was essential to the passing of the title, or to give force to it as a contract. The deed being made and delivered on Sunday must be held to be void under the express provision of section 2170 of the Code.—*Raincy v. Capps,* 22 Ala. 292; *Burns v. Moore,* 76 Ala. 339; *Butler v. Lee,* 11 Ala. 885.

It is insisted, however, by appellants that notwithstanding the deed was executed on Sunday, plaintiffs should not be permitted to insist upon its invalidity, for the reason that the execution of it involved an illegal or immoral act on the part of their mother, and that she being *in pari delicto,* if living, could not invoke the aid of the court in opposition to said deed. In other words, they invoke the doctrine that neither party to an illegal contract, when executed, can have the aid of the courts to extricate them from the consequences of such illegal act—a principle universally recognized and enforced by all the courts as well as this.—*Thornhill v. O'Rear,* 108 Ala. 299, and authorities cited. The fallacy lies in the attempt to apply that principle in this case. The plaintiffs do not have to rely upon the deed of their mother to A. J. Armstrong for a recovery. There is no evidence that as between her and Armstrong the contract was ever executed. It is not shown that she ever surrendered the possession of the lands to him under that deed, or in any wise recognized his right to the possession of them. On the contrary, as we have said, the evidence undisputedly shows, that notwithstanding this deed by her, she remained continuously in the possession of the land until the date of her death. So then the case stands with respect to this question upon the same footing with illegal executory contracts. It will be scarcely doubted that if A. J. Armstrong had

brought an action against the plaintiff's mother to recover the possession of the land from her under the deed, she could have defeated a recovery by showing that it was delivered on Sunday. The appellant having acquired the possession of the land in a proceeding which was *res inter alios acta* as to these plaintiffs, based upon a contract with the husband of the plaintiff's mother by which she was not bound with respect to her title in the land, is not in a position to claim that its acquisition of the possession was in consummation of the void deed. As against the plaintiffs, with respect to the question under discussion, they occupy no better position than one who acquired the possession by a trespass or by force.—*Windham v. Childress,* 7 Ala. 357; *Kinney v. McDermot,* 39 Am. Rep. 191. It is the appellant under the facts of this case who must rely upon the void deed for a recovery. It is of no consequence in this action, that Mrs. Armstrong may have told the agent of her husband, who negotiated the loan to the Mortgage Company for him, that he had a right to mortgage it, or that she did not subsequently dispose of it by her will. Had she made the statement to the Mortgage Company and the company relied upon it and was thereby induced to make the loan, it could avail the company nothing in this suit. At most, this could amount to nothing more than an equitable estoppel, assuming that she, a married woman, could estop herself in that way. An equitable estoppel is not available as a defense in ejectment. In such actions, the legal title must prevail. The deed excluded being in the chain of title and having been made and delivered on Sunday, as shown by its date, appellant was chargeable with notice of its invalidity when it took the mortgage. There being no evidence offered of any adverse possession by the defendant or Charles Armstrong, through whom it claims to derive its title, there was no error in excluding it or in giving the written charge at the instance of the plaintiffs.

Affirmed.