141 So. 673

### LUNSFORD v. FIRST NAT. BANK OF BIRMINGHAM.

### 6 Div. 104.

Supreme Court of Alabama.

April 14, 1932.

Rehearing Denied May 26, 1932.

W. Emmett Perry, of Birmingham, for appellant.

Cabaniss & Johnston and Jos. F. Johnston, all of Birmingham, for appellee.

BROWN, J.

This is an action indebitatus assumpsit for money had and received, resulting in a judgment for the defendant.

The money sought to be recovered was paid by the plaintiff to the defendant in satisfaction of ten promissory notes executed by the plaintiff to the W. E. H. Improvement Corporation on the 13th day of January, 1929, representing installments on the purchase price of "Lot 45 in Block 2, according to the plan and survey of West End Highlands," as evidenced by writing of the same date as the notes, the total purchase price being $1,-275, $425 of which was paid in cash to the improvement corporation, the balance being evidenced by fifty promissory notes each for a principal sum of $17, each payable on its face monthly, it being stipulated in the contract that: "When one-half of the purchase price has been paid, the vendor will give the vendee a warranty deed and take back a first mortgage for the balance of the purchase price."

The case was tried on an agreed statement of facts, which is incorporated in the bill of exceptions, to the effect that:

"The plaintiff * * * did on Sunday, January 13th, 1929, execute the real estate contract hereto attached and marked 'Exhibit A,' and on the same date did execute the series of promissory notes as described in said Exhibit A, said contract being hereby referred to and made a part hereof. That said notes were purchased by the defendant for value and before maturity, and that the plaintiff paid to the defendant ten of said series of notes, beginning with Number 13 and ending with Number 22, inclusive, with interest thereon, on the dates and in the amounts as follows (the dates running from February 26, 1930 to November 22, 1930, said payments aggregating $184.45). * * *"

"That the said real estate described in 'Exhibit A' has never been conveyed to the plaintiff in accordance with said contract and cannot be so conveyed for and on account of the fact that it, along with a number of other lots, was encumbered by said W. E. H. Improvement Corporation with a large purchase money mortgage which was never paid by any one and has now been foreclosed by one Walter Mims, the mortgagee therein, and defendant is not in a position to convey said real estate to the plaintiff. Plaintiff has demanded of defendant the return of said money so paid and his demand has been refused by defendant."

The contract of sale was filed by the improvement corporation on Thursday, January 17, 1929, in the office of the judge of probate of Jefferson county, and entered of record therein, and it appears, at least by inference, that the plaintiff paid the first twelve notes of the series to the corporation.

The ground on which the plaintiff rests her right to recover is that the contract of sale and notes, being executed on Sunday, are void. Code 1923, § 6821; Hauerwas et al. v. Goodloe, Receiver, 101 Ala. 162, 13 So. 567.

There is nothing, however, to show that the defendant was in any way involved in the guilt of the transaction arising from the execution of the contract or notes on Sunday, or was in any way obligated to carry out the contract of the improvement corporation. It was merely a purchaser of the notes in due course, and, while it may be conceded that it was bound to take notice that January 13th was Sunday, yet it acquired the notes for value, and plaintiff by paying the notes obtained them from the defendant, and, it may be assumed, still has them.

On the other hand, the plaintiff in attempting to establish her right to recover is compelled to show her own violation of the statute, and it is familiar law that "money paid or property delivered under an illegal contract that has become executed can-

not be recovered if to do so the right to recover must be traced through a violation of positive law. either by the plaintiff himself or by one whose place he occupies." Brown v. Long et al., 192 Ala. 72, 68 So. 324; Town of Cottonwood v. Austin & Co., 158 Ala. 117, 48 So. 345; General Electric Co. v. Town of Fort Deposit, 174 Ala. 179, 56 So. 802; Thornhill v. O'Rear, 108 Ala. 299, 19 So. 382, 31 L. R. A. 792; Williams v. Armstrong, 130 Ala. 389, 30 So. 553.

The contract was illegal and void, not because the purpose which it sought to accomplish was unlawful, but because the statute prohibited it from being made by the parties on that day, and the principle stated applies as well to such a case as where the contract seeks to accomplish an act which is malum in se. General Electric Co. v. Town of Fort Deposit, supra.

The contract involved in the last cited case was not void because of violation of positive law, but void because it was not made as the statute required it to be made—by ratification of the electorate of the town.

Nor do the cases of Dodson et al. v. Harris et al., 10 Ala. 566; Congress & Empire Spring Co. v. Knowlton, 103 U. S. 49, 26 L. Ed. 347, and Muller v. William S. Stoecker Cigar Co., 89 Neb. 438, 131 N. W. 923, 34 L. R. A. (N. S.) 573, support the plaintiff's right to recover. These cases were between the parties to the void contract, and the suits were brought in disaffirmance of the illegal contract at a time when all parties could be placed in statu quo. In the first, it was merely held that the title to the horse did not pass to the defendant, and in the absence of a demand on him and his refusal to surrender possession, or a subsequent promise to pay for the horse, the plaintiff could not maintain trover or assumpsit; that the law would not in those circumstances raise an implied promise to pay or impute to his possession a tortious holding.

In the second case cited (Congress & Empire Spring Co. v. Knowlton, 103 U. S. 49, 59, 26 L. Ed. 347), the following was quoted from Taylor v. Bowers, L. R. 1 Q. B. D. 291, as the controlling principle applicable: "To hold that the plaintiff is entitled to recover does not carry out the illegal transaction, but the effect is to put everybody in the same situation as they were before the illegal transaction was determined upon, and before the parties took any steps to carry it out. That, I apprehend, is the true distinction in point of law." This was also the principle applied in Muller's Case, supra.

In the case at bar, although the contract was void because made in violation of positive law, plaintiff continued to perform until the other party to the contract had lost all title to the property, and was unable to perform, and until the rights of an innocent party—that is, in so far as having violated the law—had intervened, and did not then act or refuse to act until she had obtained possession of the notes by their payment.

To state the proposition in other words, there is clearly an absence of locus poenitentiæ—the relinquishment of an intention to carry out an illegal transaction. The action is not brought in disaffirmance of the contract, but to recover back something plaintiff has parted with in an illegal transaction, after the other party had lost the power to perform.

On the principle first stated, she was not entitled to recover, and the judgment will be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.