145 So. 424

## CITY OF BESSEMER v. SCHANZ.

### 6 Div. 236.

Supreme Court of Alabama.

Jan. 12, 1933.

Geo. W. Bains, of Bessemer, for appellant.

Arthur Green, of Bessemer, for appellee.

---

[1] 225 Ala. 90.

145 So. 430

## CURTIS v. STATE.
### 6 Div. 85.

Supreme Court of Alabama.
Jan. 12, 1933.

**BROWN, J.**

The appellee, alleging that he is the owner of certain real property in the city of Bessemer, that said city, the appellant here, is claiming a lien on said property under an ordinance for local improvements, and is threatening to advertise and sell said property thereunder in satisfaction of an alleged assessment for said improvements, filed this bill to enjoin the sale, and to cancel the alleged lien as a cloud on his title.

The bill alleges: That the ordinance is void for the reason that the assessment was made for sanitary drainage, and complainant's property was not within the area drained or benefited; that no assessment roll was made and filed as required by the statute; that the area drained was so indefinitely described that the notice of the ordinance published did not inform complainant that his property was within the area proposed to be drained; that he was the owner last assessing the property for taxes; and that a copy of the ordinance was not sent him by registered mail as required by the statute, Code 1923, § 2178. Whether these defects appear on the face of the proceedings of the governing board, or must be shown by evidence aliunde, does not appear. Therefore, whether the attack made by the bill is such as can be successfully made by a bill in equity is not presented for decision. See Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210.

However, there is an absence of averment in the bill that complainant is in peaceable possession of the property, and such averment is essential to the equity of the bill, whether brought under the statute or under the general principle that a court of equity will entertain a bill to cancel a cloud on the title of one holding the legal title and in possession of the property. King v. Artman (Ala. Sup.) 144 So. 442;[1] Buchmann Abstract & Inv. Co. v. Roberts, 213 Ala. 520, 105 So. 675. A different rule obtains where the complainant can only show an equitable title. Freeman v. Brown, 96 Ala. 301, 11 So. 249.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

---

[1] 225 Ala. 569.