164 So. 904

### HERREN et al. v. BECK et al.
### 5 Div. 213.

Supreme Court of Alabama.
Dec. 19, 1935.

329

Paul J. Hooton, of Roanoke, for appellants.

J. E. Perry and H. T. Burns, both of Wedowee, and W. L. Wilson and D. T. Ware, both of Roanoke, for appellees.

FOSTER, Justice.

One purpose of the original suit is to cause land to be sold for division among the heirs of S. W. Herren, Sr. Among his heirs were two sons, W. A. Herren and S. W. Herren, Jr. The latter was also dead when this suit was filed. The bill alleges that said W. A. Herren and his wife had on December 8, 1933, filed a bill in equity seeking to set aside a deed they had made to said S. W. Herren, Jr., for the causes which will be here referred to. The bill in this suit sought to have those two causes consolidated. It was so ordered. Thereupon said W. A. Herren and wife filed an answer and attached to it what they called a cross-bill and interpleader. In it they sought to vacate the alleged purported deed to said S. W. Herren, Jr. Issue was joined, and it was heard on those pleadings and evidence without a disposition of what may be called the main suit. The court found that cross-complainant was not entitled to relief, and dismissed the so called cross-bill and interpleader. From that decree, this appeal is prosecuted.

There is no motion to dismiss the appeal, but if the decree is not appealable, we would dismiss it without a motion. Section 6079, Code, authorizes appeals from rulings on demurrer to a cross-bill, but not on a decree dismissing the cross-bill when

a demurrer is not thereby also sustained. Section 6078, Code, authorizes appeals from final decrees. So that unless the decree dismissing the cross-bill on pleadings and proof is a final decree as provided in section 6078, no appeal will lie.

It has been held that it is not such a final decree, and will not support an appeal under that statute. Parish's Adm'r v. Galloway, 34 Ala. 163; Aston v. Dodson, 161 Ala. 518, 49 So. 856; Bennett v. Hall, 193 Ala. 273, 69 So. 136. This is based upon the idea that a cross-bill is but defensive matter, and must be heard as a part of the main suit.

Whether a different rule would apply under another conception of cross-bills which have independent equity and would stand in court, even though the original bill was dismissed, we need not here stop to consider. Wilkinson v. Roper, 74 Ala. 140; Bell v. McLaughlin, 183 Ala. 548, 62 So. 798; Swope v. Swope, 178 Ala. 172, 59 So. 661; Meyer v. Calera Land Co., 133 Ala. 554, 557, 31 So. 938, 939; Etowah Mining Co. v. Wills Valley, etc., Co., 121 Ala. 672, 25 So. 720.

Whether or not an appeal would lie in the latter instance, which is such as is in the instant suit, we think it will lie here on a different principle. We understand that it is filed as the result of a consolidation order, and that it is the substance of the independent suit thus consolidated, and is the form in which the complainant in that suit has set out his right to equitable relief after the consolidation. The order of consolidation in equity did not have the effect of causing the two suits to become one, and thereby to destroy their identity as at law. It amounted to little more than that they should be concurrently heard. Ex parte Green, 221 Ala. 415, 129 So. 69. They were not in fact concurrently heard in this instance, but if cross-complainants are not entitled to relief, it matters not to them that it was so. If they are entitled to relief, that result should be reflected in the decree upon a joint hearing of them both. So that the appeal here is from a decree denying relief in virtually an independent suit. It is immaterial what designation the pleader has applied to it.

We have taken the pains to explain our view of that situation, so that we may not be thought to have overlooked it.

The deed sought to be vacated was dated October 23, 1910. Several reasons are alleged in the cross-bill why it should be vacated. First. That purported grantors did not execute it. (Paragraph 6 of the cross-bill.) Second. That it shows on its face that it is void, but without pointing out the circumstances which are supposed to make it so. (Paragraph 6 of the cross-bill.) Third. That W. A. Herren did sign some such deed, though his wife did not, but the consideration was to be $1,000, and was made prior to October 23, 1910, and was not to be recorded, and another was to be executed later in its place, when his wife would sign it, and that it was to be only a binder or memorandum, and the later one was to be executed, effective at the death of the mother, whose dower rights would then terminate; and there has been no consideration passed for its execution, for all of which it is fraudulent and subject to be avoided. (Paragraph 7 of the cross-bill.)

The land had been owned by S. W. Herren, Sr., who had died prior to October 23, 1910, leaving a widow. She had possession of the land until her death, less then ten years before this suit was filed by W. A. Herren in 1933. But that suit was filed more than twenty years after the date of the execution of the deed, which was recorded a few days after its date.

The court found that the complainants did execute the deed as it purports to be. That the right to vacate it on the third ground was barred by laches, and he did not refer to the second—that it is void on its face.

The evidence amply supports the findings of the court, but even so, appellant challenges the effect as so declared, and also denies that the facts were properly found from the evidence.

Appellant claims in brief that the reason why the deed is void on its face is that the date it bears as that of its execution is Sunday, and in violation of section 6821, Code. Neither the pleadings nor evidence directly refer to that as a reason for its invalidity. The pleadings declare that it is void on its face, using only those general terms, but make no allegation that it is so because it is a Sunday contract. If it bears a date which is Sunday, the court takes judicial notice of that fact, and also presumes, in the absence of evidence to the contrary, that its date is correctly stated. Watkins Co. v. Pace, 212 Ala. 63, 101 So. 758.

■ But equity will not take jurisdiction to vacate a deed because it is void on its face, though possession is not necessary in a cross-bill to quiet title. Sloss-Sheffield S. & I. Co. v. Lollar, 170 Ala. 239, 54 So. 272; Smith v. Rhodes, 206 Ala. 460, 90 So. 349; King v. Artman, 225 Ala. 569, 144 So. 442; City of Bessemer v. Schanz, 226 Ala. 28, 145 So. 424; Rea v. Longstreet, 54 Ala. 291; Henderson v. Holman, 193 Ala. 262, 69 So. 424; Prestwood v. Horn, 195 Ala. 450, 70 So. 134.

■ But another reason why relief was not improperly denied on account of that claim is that courts will not extend affirmative aid to either party in respect to such a deed. It is an illegal and immoral transaction, though not malum per se, and participated in by both parties, and neither can have any form of relief against the other in respect to the transaction. Lunsford v. First National Bank, 224 Ala. 679, 141 So. 673; Thornhill v. O'Rear, 108 Ala. 299, 19 So. 382, 31 L.R.A. 792; Rainey v. Capps, 22 Ala. 288, 292.

So that although the opinion of the court did not refer to that aspect of appellant's claim, assuming that the cross-bill is sufficient in that respect, which is not considered, there was no error in not granting relief by reason of it.

■ In support of the third contention of appellant, as we have numbered them above, the court did not seem to enter into its merits, but held that it was barred by laches. That contention is based upon the apparent validity of the deed, which in that event purports to convey the title, but which cross-complainants have an equitable right to cause to be vacated. Their possessory right was in remainder, after the death of the widow of S. W. Herren, Sr., which occurred less than ten years before suit was filed. Adverse possession under the statute of limitations (Code 1923, § 6069) for ten years could not for that reason bar them. They could only be barred by laches or prescription.

■ There is a well-defined principle of our cases to the effect that when a remainderman's title passes out of him, but subject to his equitable right to have it reinvested or to be subjected to a lien or trust, such right and duty to sue occurs as soon as the instrument is executed, not affected by the circumstance of its recordation. That duty is not postponed because the grantor in the instrument does not possess the immediate right of possession, but is subject to a life estate. He must not wait until the life estate terminates, without being chargeable with the time intervening, since his action does not affect his possession, but his title. So that the period of time necessary to complete the bar of prescription is not in that event affected by the period of such life estate. Lewis v. Belk, 219 Ala. 343, 122 So. 413; Robinson v. Pierce, 118 Ala. 273, 302, 303, 304, 305, 24 So. 984, 45 L.R.A. 66, 72 Am.St. Rep. 160; Lowery v. Davis (Ala.Sup.) 8 So. 79; Lansden v. Bone, 90 Ala. 446, 8 So. 65; Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am. St.Rep. 73. Twenty years is the fixed prescription period as to one not in possession. Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Lewis v. Belk, 219 Ala. 343, 122 So. 413.

■ The full period of twenty years expired after appellants executed the deed before they sought to vacate it in equity on the grounds which we have designated No. 3, and they were not in possession during that period. So that the court was correct in holding that any such right, if it existed in fact, was thereby barred.

There was therefore no error in denying relief on any of the three grounds which we have stated.

But the validity of the deed has been argued, on the assumption that it was dated on a Sunday, and presumptively so executed.

■ Touching its bearing on the issues made or to be made in the partition suit, we will discuss that question also. If October 23, 1910, was Sunday, and we have not looked to see whether that was so or not, though we take judicial knowledge of it, the deed was void unless it can be shown that it was delivered on a day different from what it shows on its face. Williams v. Armstrong, 130 Ala. 389, 30 So. 553; Rainey v. Capps, supra.

■ If void for that reason, it passed no title, and while cross-complainants have no equitable right to have it declared void for the reasons we have stated, it does not serve to bar them from sharing in the partition proceeding. To do so, they do not claim under the deed, seek no relief on account of it, and it is not necessary evidence of their title. The grantee in it can claim no right, if it is void, and the title is as though the deed were nonexistent.

But the court will grant no relief to the parties for the recovery of property or money which changed hands by virtue of such transaction. Thornhill v. O'Rear, supra; Morris v. Hall, 41 Ala. 510, 536, 537; Black v. Oliver, 1 Ala. 449, 35 Am.Dec. 38.

In Williams v. Armstrong, supra, the grantor remained in possession after her deed, made on Sunday. So that her title and possession were not affected by the deed, and no suit based on it was available against her, but she and her heirs could protect that title and possession by suit, if necessary.

In this partition suit, the duty of the court is to ascertain the state of the title. No possession was granted under the deed made by appellant. No occasion in that suit will arise to declare a possessory right in either party on account of the deed. No change of possession resulted by the deed, and a decree on the assumption of its want of validity will not do so in this partition suit. Neither is there one suing the other for the land or an interest in it. Their rights in that suit will be controlled by the abstract fact of the location of the title, not the right of either party to recover possession of the land from the other. The court will not thereby be aiding a person to recover property delivered under a contract prohibited by law, nor violate the principle that courts leave parties where they place themselves in accordance with it.

A cross-bill is not necessary to assert the invalidity of the deed in that suit on that account. It may be done in an answer.

Since the decree is without error, it is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.