241 So.2d 836

Carey L. SAULS

v.

W. R. STONE et al., etc.

3 Div. 458.

Supreme Court of Alabama.

Nov. 19, 1970.

Gatewood A. Walden, Montgomery, for appellant.

No brief for appellees.

PER CURIAM.

This is an appeal from a final decree of the Circuit Court of Montgomery County, in Equity.

Carey L. Sauls filed his bill in the Circuit Court of Montgomery County, in Equity, on September 5, 1969, against W. R. Stone and C. R. Deese, individually and as partners.

The prayer of Sauls' bill reads in pertinent parts as follows:

"* * * and the Complainant further prays that upon a hearing of this matter, Your Honor will render a declaratory judgment and decree stating:

"That said contract entered into by and between Carey L. Sauls and W. R. Stone and C. R. Deese, individually and as partners, for the sale of Capital City Barber Supply, 193 S. California Street, its name, goodwill and its assets is null and void."

There was also a prayer for general relief.

The bill of complaint averred that a controversy had arisen between complainant and respondents relative to a written contract entered into by the parties, a copy of which was attached as Exhibit A and which reads as follows:

"AGREEMENT

"STATE OF ALABAMA
MONTGOMERY COUNTY }

"Carey L. Sauls, as party of the first part, hereinafter referred to as Seller, and W. R. Stone and C. R. Deese, individually and as partners, as parties of the second part, hereinafter referred to as Buyers, have this day agreed as follows:

"WITNESSETH

"The Seller does hereby agree to bargain, sell, convey and deliver to Buyers, and buyers hereby agree to purchase all of the assets of the seller's business known as Capitol City Barber Supply located at 103 South California Street in Montgomery, Alabama, including the inventory and office equipment, along with the name Capitol City Barber Supply as well as the goodwill of the business.

"Seller further agrees that he will not go into the barber supply business in competition with the buyers, although it is mutually understood that the seller will be permitted to do grinding and sharpening of barbering equipment, but not the selling thereof. Excluding repair parts only.

"It is mutually agreed that an inventory is being taken which will be completed on or about October 1, 1967. The Buyers agree to pay over to the seller the wholesale value of said merchandise as shown by said inventory. In addition, the Buyers agree to pay over to the seller the sum of $250.00 in payment of the equipment set out above and the goodwill and name of the business.

"The Buyers have paid to the seller the sum of $250.00 each or a total of $500.00 as earnest money, which sum of money will be forfeited to the seller in the event the Buyers fail or refuse to carry out this agreement of sale and purchase. Otherwise said earnest money to be applied toward the payment of the inventory when determined and the payment for the equipment and goodwill and name of the business.

"The Seller states and represents to the buyers that he operates this business on a cash basis; that there are no bills outstanding other than current bills; and that at the time of the transfer of the business on October 1, 1967, there will be no accounts payable due by the business.

"The Buyers agree to remove the inventory and equipment from the premises of 103 South California Street, Montgomery, Alabama, within a reasonable time not later than three days after the first of October, 1967.

"IN WITNESS WHEREOF, the parties have hereunto set their hands and seals, on this the       day of September, 1967.

"WITNESS as to Seller:

Dixie W. Cannon

WITNESS as to Buyers:
Sandra Stone

Jeanette Deese

Carey L. Sauls, Sr.   (SEAL)
(Carey L. Sauls)

W. R. Stone   (SEAL)
(W. R. Stone)

C. R. Deese   (SEAL)
(C. R. Deese)

"FILED IN OFFICE 5th DAY OF SEPTEMBER 1969."

———◆———

There was a demurrer filed on behalf of the respondent, W. R. Stone, but no pleading for respondent Deese. No ruling on the demurrer appears in the record. Later, on the date of trial, to wit, January 16, 1970, an answer was filed for respondent Stone.

Following the testimony of the complainant and the respondent Stone, the cause was submitted on January 20, 1970.

The same day the court issued a decree as follows:

"This cause coming on to be heard upon the Bill of Complaint, Answer of

the Respondent, and the testimony of the witnesses as shown by the note of submission. After due consideration thereof, the Court is of the opinion that the contract heretofore entered into by the parties should be upheld; however, the same should be restricted as to time and space.

"It is therefore ORDERED, ADJUDGED, and DECREED that the provisions restricting the Complainant's right to sell barber supplies is limited to four years, and after October 1, 1971, he may sell barber supplies in competition with the Respondents.

"It is further ORDERED, ADJUDGED, and DECREED that the non-competitive clause of said agreement shall only apply to the following counties:

"Montgomery; Autauga; Elmore; Lowndes; Macon; Bullock; Pike; and Dallas.

"It is further ORDERED, ADJUDGED, and DECREED that the costs of this proceeding are taxed against the Complainant, the payment for which execution may issue.

"DONE this 20 day of January, 1970.

Richard P. Emmett
RICHARD P. EMMETT

Judge, Circuit Court

"FILED IN OFFICE 20th DAY OF JANUARY 1970."

The complainant contends the contract which bears the date "September 1967" was executed by the parties on Sunday, October 1, 1967, and delivered on that date and is, therefore, void and contrary to the provisions of Title 9, § 21, Code of Alabama, 1958, Recompiled.

In brief, appellant in "Statement of Facts" states: "Only the Appellant and Appellee offered testimony at the hearing of the cause and there was no dispute that the agreement was executed on Sunday." No brief was filed by appellee. The record completely supports the statement of counsel.

We quote briefly from the record. First, in the direct examination of complainant:

"Q Now, I want you to look over this document that I am presenting to you and tell me whether or not this is the written agreement that was entered into.

A Yes, it is.

Q Is that document dated?

A It is not.

Q Do you, of your own knowledge, remember the day of the week that the document was entered into?

A On Sunday morning around nine to nine-thirty and I would ask them to testify to the same story.

Q Is that your signature on the contract?

A Yes, it is.

Q Was this signature placed on the contract on that day?

A Yes, it was.

Q Was the contract delivered to you on that day?

A On that hour.

Q Who were the parties present when this contract * * *

A Mr. Stone, Mr. Cannon, Dixie Cannon and his wife, and Mr. Deese and his wife.

Q All right. That's all."

Also, in the direct examination of respondent, we find:

"Q  Do you have any present knowledge as to when this agreement was executed?

A  Well, we gave him the binder check early and then it was signed.  The agreement was signed on Sunday morning.

Q  The agreement was signed on a Sunday morning.

A  Right.

Q  How about the check?  When was the money paid over?

A  It was paid on Sunday."

Under Title 9, § 21, Code of 1958, contracts executed on Sunday, with certain exceptions not here involved, are void.

We hold that the undisputed evidence presented in this case renders this a void contract.

Nor can a void contract be later ratified. McNeel Marble Co. v. Robinette, 259 Ala. 66, 65 So.2d 221.

Our courts will not grant relief nor extend affirmative aid to the parties for the recovery of monies which changed hands by virtue of such transactions.

"It is an illegal and immoral transaction, though not malum per se, and participated in by both parties, and neither can have any form of relief against the other in respect to the transaction."  Herren v. Beck, 231 Ala. 328, 331, 164 So. 904, 906; Lunsford v. First National Bank, 224 Ala. 679, 141 So. 673; Street v. Browning, 16 Ala.App. 576, 80 So. 150.

Reversed and remanded.

The above opinion was prepared by J. Edgar Bowron, Supernumerary Circuit Judge, and is adopted by the Court as its opinion.

MERRILL, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.